# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

PIERRE LAMAR TAYLOR,

                Petitioner,                  Case No. 18-cv-11925

                                              Hon. Matthew F. Leitman

v.

KATHLEEN OLSEN,

                Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR RELEASE PENDING DECISION (ECF No. 7)

Petitioner Pierre Lamar Taylor is serving consecutive sentences of six to fifteen years' imprisonment for involuntary manslaughter and two years' imprisonment for felony firearm. He has filed a petition for writ of habeas corpus, through counsel, raising three claims for relief. (*See* Pet., ECF No. 1.) Now before the Court is Taylor's "Motion for Release Pending Decision" on his habeas petition. (*See* Mot., ECF No. 7.)

As this Court has previously explained, the following standards govern a motion for release on bond by a habeas petitioner whose petition is under review:

> This Court has "inherent authority" to grant bond to a habeas petitioner while his petition is under review. *Nash v. Eberlin,* 437 F.3d 519, 526, n. 10 (6th Cir. 2006). But that authority is narrow. "Since a habeas petitioner is appealing a presumptively valid state court conviction,

both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993). "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May,* 85 S.Ct. 3, 5, 13, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers)). Simply put, "[m]erely to find that there is a substantial question is far from enough." *Lee,* 989 F.2d at 871 (quoting *Glynn v. Donnelly,* 470 F.2d 95, 98 (1st Cir. 1972)).

Neither the United States Supreme Court nor the United States Court of Appeals for the Sixth Circuit has provided definitive guidance for determining whether a petitioner's "circumstances" are so "exceptional" as to justify release pending review of his habeas claims. Unpublished decisions from this Court suggest that "exceptional circumstances" warranting release during review "have been limited to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition." *Scheidler v. Berghuis,* 07-cv-01346, 2008 WL 161899 (E.D. Mich. 2008) (citations omitted); *see also Milstead v. Sherry,* 07-cv-15332 2009 WL 728540 (E.D. Mich. 2009) (citation omitted). This much is clear: federal courts very rarely find "exceptional circumstances" and very rarely release petitioners before ruling on the merits of their claims. Indeed, there seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims.

*Blocksom v. Klee*, 2015 WL 300261, at *4 (E.D. Mich., Jan. 22, 2015).

Taylor's petition raises serious constitutional claims which deserve and will receive careful consideration. But Taylor has not demonstrated "exceptional circumstances" warranting release pending review of his petition. Taylor says that the circumstances here are exceptional because he will have served nearly all of his sentence by the time this Court reviews his petition. (*See* Mot., ECF No.7, PageID.2803.) However, Taylor's earliest release date is in three years, and this Court intends to issue a decision on Taylor's habeas petition long before expiration of his sentence. Indeed, the Court will expedite consideration of the merits of Taylor's petition. For all of these reasons, Taylor's circumstances are not exceptional and do not warrant release at this time.

Accordingly, the Court **DENIES** Taylor's Motion for Release Pending Decision (ECF No. 7.)

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: September 12, 2019    UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 12, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764