UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIERRE LAMAR TAYLOR,

        Petitioner,                          Case No. 18-cv-11925
                                                      Hon. Matthew F. Leitman

v.

SONAL PATEL,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S SUBSTITUTED
MOTION FOR RECONSIDERATION (ECF No. 23)**

On March 30, 2020, the Court denied Petitioner Pierre Lamar Taylor's habeas corpus petition and granted a limited certificate of appealability. (*See* Order, ECF No.17.)  Taylor filed a motion for reconsideration seeking to expand the certificate of appealability, and the Court denied that motion. (*See* Mot. for Reconsideration, ECF No. 19; Order, ECF No. 20.)  With the Court's permission, Taylor has now filed a substituted motion for reconsideration.  (*See* Order, ECF No. 22; Substituted Mot. for Reconsideration, ECF No. 23.)

Local Rule 7.1(h)(3) sets forth the following standard for reconsideration:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a

> palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Taylor's substitute motion for reconsideration does not persuade the Court that it palpably erred when it limited Taylor's certificate of appealability. Accordingly, the Court will deny the motion.

The Court finds it necessary to comment on only one aspect of Taylor's pending motion. Taylor asks the Court to grant a certificate of appealability related to his claim that his trial counsel was ineffective for denigrating his alibi defense during counsel's closing argument. As the Court noted when denying the petition, this claim was (1) unexhausted and (2) not properly raised in the petition:

> In Taylor's post-hearing brief, he also raises a claim that Tuddles was ineffective by denigrating the alibi defense during his opening statement and closing argument. This claim has not been properly exhausted because it was never raised in the state courts. Moreover, Taylor did not raise this claim in his petition. The Court declines to consider this unexhausted and late-presented claim.

(Op. and Order, ECF No. 17, PageID.2948 n.4.)

The Court remains convinced that Taylor's ineffective assistance of counsel claim based upon the alleged denigration of the alibi defense is not properly before the Court. Taylor has still failed to show that he exhausted the claim in state court. Moreover, the claim was not clearly raised in Taylor's habeas petition. Taylor set

forth his ineffective assistance of counsel claims in the Table of Contents of the petition, and he did not include a claim that defense counsel was ineffective for denigrating the alibi defense. (*See* Pet., ECF No. 1-1, PageID.6-7.)  Moreover, the argument headings in the body of the petition identify the claims of ineffective assistance of counsel and do not mention a denigration of alibi defense claim.  The petition made only one passing reference to defense counsel's alleged denigration of the alibi defense, and the purpose of that reference was to show that other alleged errors by counsel were not strategic. (*See id.*, PageID.61.)  That lone reference to the alleged denigration of the alibi defense does not suggest that the purported denigration is an independent ineffective assistance claim. (*See id.*)  For all of these reasons, the Court did not reach the claim and declines to expand the certificate of appealability to include it.

Accordingly, **IT IS HEREBY ORDERED** that Taylor's Substitute Motion for Reconsideration (ECF No. 23) is **DENIED**.

Dated:  April 22, 2020

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 22, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764